## No. 5909.

### State ex rel. B. Bloomfield & Co. vs. Charles Clinton, Auditor.

The relators were not parties to the suit of the State vs. Clinton, in which was granted the injunction set up as a ground for not issuing the warrants claimed in this case, and are not therefore bound thereby.

The Legislature having made an appropriation for the purpose of paying certain legitimate expenses of the House of Representatives, the relators are entitled to be paid out of the appropriation so made, provided they have a good claim.

Their claim is evidenced by a voucher from the officers of the House of Representatives to whom was intrusted the expenditure of the appropriation, and there is nothing to show that the voucher was improperly obtained or improvidently issued.

The objection of the Auditor that he can not issue a warrant because there is no money in the treasury to pay the same is not a good one. The appropriation was legally made, and it has not been exhausted. The relators are therefore entitled to their warrants.

APPEAL from the Superior District Court, parish of Orleans. *Haw-kins*, J. *John Ray*, for relators and appellants. *Henry C. Dibble*, Assistant Attorney General, for respondent and appellee.

MORGAN, J. Relators aver that just before the convening of the General Assembly, on the fourth of January, 1875, they sold and furnished to the State, through J. W. Quinn, sergeant-at-arms of the House of Representatives, the necessary articles to fit up the House of Representatives and rooms necessary for the use of the House, preparatory to the meeting of the General Assembly; also, the stationery necessary for the use of, and which was used by, the House of Representatives for the session commencing on the fourth of January, 1875, the whole amounting in value to $11,102 75.

They aver that these articles are classed contingent expenses of the House of Representatives, and were expenses necessary for the operation and carrying on the machinery of the State government, and such as were specially provided for by acts Nos. 2 and 17 of the session of 1875, and that they are entitled to be paid as provided for by said acts: they aver that appropriation was made by act No. 2 aforesaid to pay the contingent expenses of the House of Representatives, which appropriation has been exhausted without their having been paid; that subsequently, by act No. 17, approved April 3, 1875, the Legislature made an additional appropriation of twenty-five thousand dollars to pay the balance due for the mileage and per diem of the House of Representatives and contingent expenses thereof, which amount, they aver, is unexpended; they aver, and so the fact is, that they have the certificate of the chairman of the Committee of Contingent Expenses of the House, approved by the Speaker thereof, that the amount here claimed by them is due, with an order from these officers upon the Auditor to issue his warrant upon the State Treasurer to pay the amount therein certified to be due, $11,102 75; they aver that they have presented this order to the Auditor and demanded his warrant on the Treasurer for the amount thereof, which the Auditor has refused to give. They pray for a mandamus against him compelling him to issue the warrants.

The Auditor answers that he can not issue the warrants, because of the injunction issued against him in the case of the State ex rel. the Attorney General vs. Charles Clinton, State Auditor (this respondent), in case No. 26,440 of the docket of the Superior District Court, and he makes that suit a part of his answer; he denies that relators are entitled to be paid out of the appropriations referred to in their petition; he says that in no event can he issue a warrant for the claim here made, there being no money in the treasury to pay the same; and he says that if the relators' claim against the appropriations relied upon is good, he could only recognize and register the claim. Wherefore he prays that the mandamus be refused.

The district court dismissed the rule. Relators appeal.

The relator was not a party to the suit of the State vs. Clinton, in

which the injunction set up issued, and is not, therefore, bound thereby. The Legislature having made an appropriation for the purpose of paying certain legitimate expenses of the House of Representatives, the relator is entitled to be paid out of the appropriation so made, provided he has a just claim.

His claim is evidenced by a voucher from the officers of the House of Representatives to whom was intrusted the expenditure of the appropriation, and there is nothing to show that the voucher was improperly obtained or improvidently issued.

The objection of the Auditor that he can not issue a warrant because there is no money in the treasury to pay the same is not a good one. The appropriation was legally made, and it has not been exhausted. The relator is, therefore, entitled to his warrant.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed, and that the defendant, the Auditor of Public Accounts, be ordered to issue the warrant claimed by the relator according to law, the costs to be borne by the defendant.